NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**SAMUEL M. JAMES,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7129

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-2539, Judge Alan G. Lance Sr.

---

Decided: May 9, 2013

---

SAMUEL M. JAMES, of King George, Virginia, pro se.

CORINNE A. NIOSI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and CLAUDIA BURKE, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant

General Counsel, and MARTIN J. SENDEK, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was MICHAEL J. TIMINSKI, Attorney.

————————————

Before DYK, BRYSON, and REYNA, *Circuit Judges.*

PER CURIAM.

Samuel M. James appeals from an order of the Court of Appeals for Veterans Claims ("Veterans Court") dismissing his appeal for lack of jurisdiction. Because Mr. James has not identified any issues within our jurisdiction, we dismiss his appeal.

## BACKGROUND

On August 10, 2011, Mr. James filed a notice of appeal to the Veterans Court requesting appeal from a final Board of Veterans' Appeals (Board) decision dated April 12, 2011. The government responded that according to the Board's appeal tracking system, there was no final Board decision for Mr. James on that date. It observed that the Roanoke Regional Office of the Department of Veterans Affairs had sent a letter to Senator Jim Webb regarding Mr. James on that date, and conjectured that it might be this letter that Mr. James was attempting to appeal. Because there was no final Board decision from which Mr. James could appeal, the government moved to dismiss.

On November 28, 2011, the Veterans Court ordered Mr. James to identify the decision from which he was appealing and to provide a copy of that decision. Mr. James' response did not identify any decision subject to the Veterans Court's jurisdiction. Accordingly, the court dismissed the appeal for lack of jurisdiction.

Subsequently, Mr. James filed a motion for reconsideration. In this motion, Mr. James argued that on April 12, 2011, the Board denied his January 17, 2011 motion

to reconsider a March 2004 decision that declined to reverse a 2001 final decision. The Veterans Court denied the motion for reconsideration, observing that a 2011 motion to reconsider could not toll the 120-day time to appeal a decision from 2004 or 2001.

### DISCUSSION

This court has jurisdiction to review the validity of a decision of the Veterans Court to decide "any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Absent a constitutional issue, however, this court may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. 38 U.S.C. § 7292(d)(2).

Mr. James identified one statute he claims was interpreted incorrectly: 10 U.S.C. § 1218. This statute deals with claims for compensation upon release from the military. But the Veterans Court's decision did not mention or rely upon this statute, and we are therefore without jurisdiction to address it.

The Veterans Court's decision rests solely on its factual determination that Mr. James identified no final decision from which he was appealing, thereby failing to satisfy the requirement of 38 U.S.C. § 7266(a). Because we do not have jurisdiction to review the Veterans Court's factual determinations or application of the law to facts, we are also without jurisdiction to review the propriety of its decision to dismiss the case. We have considered Mr. James arguments and find them unpersuasive. Accordingly, this appeal is

### DISMISSED