NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SAMUEL E. TOOTLE, II,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1787

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-3114, Judge Coral Wong Pietsch.

---

Decided: September 8, 2017

---

SAMUEL E. TOOTLE, II, Biloxi, MS, pro se.

ZACHARY JOHN SULLIVAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., L. MISHA PREHEIM; Y. KEN LEE, LARA EILHARDT, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge,* WALLACH and TARANTO,
*Circuit Judges.*

PER CURIAM.

Appellant Samuel E. Tootle II appeals the decision of
the U.S. Court of Appeals for Veterans Claims ("Veterans
Court") dismissing his appeal for want of jurisdiction
because the Board of Veterans' Appeals ("the Board") had
not yet entered a final decision. *Tootle v. Snyder*, No. 16-
3114, 2017 WL 360717, at \*1 (Vet. App. Jan. 25, 2017).
Because we also lack jurisdiction, we dismiss.

BACKGROUND

Mr. Tootle sought compensation for service-connected
injuries. When a Department of Veterans Affairs ("VA")
regional office notified Mr. Tootle of an adverse decision in
his case, Mr. Tootle filed a notice of disagreement, and the
VA regional office responded with a statement of the case
explaining its prior decision. *See* Resp't's App. 21. Mr.
Tootle thereafter submitted to the VA regional office his
appeal to the Board. *Id.* On May 31, 2016, the VA re-
gional office sent a letter to Mr. Tootle indicating that it
could not accept his substantive appeal because "the time
limit to continue [his] appeal ha[d] passed." *Id.* The VA
regional office further explained that Mr. Tootle had
failed to submit his appeal to the Board "no later than one
year following notification of [the] adverse decision [he
was] appealing, or 60 days from the date [the VA's]
Statement of the Case was sent to [him], whichever [wa]s
later." *Id.*

Mr. Tootle appealed to the Veterans Court contesting
an alleged May 31, 2016 decision by the Board. *See
Tootle*, 2017 WL 360717, at \*1. The Secretary informed
the Veterans Court "that [Mr. Tootle] had not obtained a
final Board decision and that no decision dated May 31,

2016, was issued by the Board," and the Veterans Court dismissed his appeal because "no final decision ha[d] been issued by the Board," as required for jurisdiction, *id.*; *see id.* ("[Mr. Tootle] agrees that the Board did not issue a decision dated May 31, 2016."). Mr. Tootle sought reconsideration, but the Veterans Court denied his request. Resp't's App. 4. Mr. Tootle appeals.

## DISCUSSION

The jurisdiction of this court to review decisions of the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292 (2012); *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [§ 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). "Except to the extent that an appeal . . . presents a constitutional issue, [we] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Mr. Tootle does not challenge the validity or interpretation of any statutes, *see generally* Appellant's Br., including those conferring jurisdiction on the Veterans Court, *see* 38 U.S.C. § 7252(a) (conferring exclusive jurisdiction "to review decisions of the Board"); *id.* § 7266(a) (explaining that the Veterans Court may review "*final decision[s]* of the Board" (emphasis added)). Similar to the situation in *James v. Shinseki*, the Veterans Court's decision here "rests solely on its factual determination that [the Appellant] identified no final decision from which he was appealing, thereby failing to satisfy the requirement of . . . § 7266(a)." 504 F. App'x 919, 920 (Fed. Cir. 2013); *see Tootle*, 2017 WL 360717, at *1. "Because we do not have jurisdiction to review the Veterans Court's factual determinations or application of the law to facts,

we are also without jurisdiction to review the propriety of its decision to dismiss the case." *James*, 504 F. App'x at 920.

Instead, Mr. Tootle raises various factual challenges, such as the Veterans Court's "fail[ure] to interpret and issue a ruling on whether [the organization providing legal counsel to Mr. Tootle before the VA regional office] abandoned their statutory duty to represent [him]." Appellant's Br. Attach. at 1. He also raises factual issues of whether the VA "refused to allow the Board . . . to make the final decision on [his] appeal of the VA['s] previous decision[]" and whether the VA "fail[ed] to serve [him] with their dispositive motion in a timely manner." *Id.* As discussed above, we lack jurisdiction to review such matters. *See* 38 U.S.C. § 7292(d)(2).

Additionally, Mr. Tootle avers, without further explanation, that the Veterans Court's "decision was arbitrary and capricious and [an] abuse of discretion when [it] denied [Mr. Tootle] his [c]onstitutional [r]ight to [d]ue [p]rocess of the law." Appellant's Br. Attach. at 1. His challenge, which repeats his earlier arguments that the Veterans Court acted arbitrarily by dismissing his case, "is constitutional in name only," and Mr. Tootle's "characterization of that question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

CONCLUSION

We have considered Mr. Tootle's remaining arguments and find them unpersuasive. Accordingly, Mr. Tootle's appeal from the U.S. Court of Appeals for Veterans Claims is

**DISMISSED**

COSTS

Each party shall bear its own costs.